PROVIDENCIA ROSADO, Plaintiff and Appellant, *v.* VÍCTOR SEGARRA, Defendant and Appellee.

No. 8490. Argued January 15, 1943.—Decided January 25, 1943.

*Gustavo Cruzado Silva* for plaintiff. *J. Pedro Miranda* for appellee.

MR. JUSTICE SNYDER delivered the opinion of the court.

Plaintiff has appealed from a judgment of the district court awarding her damages of $40. She contends that the court erred (*a*) in weighing the evidence on which the court based its award of $40, and (*b*) in failing to grant her attorney's fees, in view of the temerity of the defendant.

■ Plaintiff purchased a house "with everything which is permanently annexed" thereto. The defendant, who is the nephew of the vendor, occupied the house before and after the sale, and had constructed in the patio a "ranchón" of wood with a corrugated galvanized iron roof. The lower court found that at the time of the sale, the defendant, who acted as the representative of the vendor, did not advise the plaintiff that the "ranchón" did not form part of the property being sold. Subsequently, when the defendant's lease expired and he moved, he took with him the "ranchón" and several objects from the house. The plaintiff sued for $450, alleging that the "ranchón" was worth $413.

The lower court held that appellant bought the house under the impression that the "ranchón" was included in the sale; that she was led to that belief by appellee's tacit representations; and that appellee was therefore now estopped from alleging that the "ranchón" did not form part of the property sold. But the district court found that the "ranchón" was worth only $40. Appellant contends that the court's decision as to value was against the preponderance of the evidence.

There was conflicting evidence on the issue of value. Appellant produced four witnesses, among them an engineer who testified that the "ranchón" was worth $395. But his estimate was on the basis of a building of new wood and new corrugated galvanized iron for the roof. The appellee, contending that the "ranchón" was worth only $25, offered his own testimony and that of his aunt, the vendor. The district court, after an ocular inspection "and from all the evidence offered, reach[ed] the conclusion that the 'ranchón' built by Segarra was a very rudimentary structure built with old wood and that its value could not exceed $40." We fail to see how we can find manifest error or partiality in the weighing of the evidence here, particularly in view of

the fact that the lower court's conclusion was based in part on an ocular inspection.

■ In refusing to award attorney's fees, the district court said: "The Court does not find that there was temerity. The defendant, when he carried away the 'ranchón' he constructed, did it in the belief which he held in *good faith* that the 'ranchón' continued being his. Nor was the defendant temerarious in defending himself from such an exaggerated claim". (Italics ours.)

But the defendant did not simply resist an exaggerated claim. He denied any liability whatsoever. Indeed, he testified that he told the plaintiff before the sale that the "ranchón" belonged to him. We recently held under similar circumstances that such action is temerarious unless the defendant admits his responsibility and limits the controversy to the issue of value. *Mercado* v. *American Railroad Co.,* *ante,* p. 222, decided January 15, 1943.

And we find no basis for the lower court's conclusion that the defendant acted in "good faith" in removing the "ranchón". That court itself had already found the opposite, when it refused to believe the defendant and held on the main issue in the case that the defendant was estopped in view of his representations herein.

We shall modify the judgment to provide for attorney's fees of $35. As thus modified, the judgment of the district court will be affirmed.